IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHATARIOUS RAMONE COBB, AIS 308064, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) CASE NO. 3:23-CV-607-RAH-KFP |
| ANTONIO McCLAIN, WARDEN, et al., | ) ) ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 4, 2023, Petitioner Shatarious Cobb, an inmate at the Easterling Correctional Facility, filed this Petition for Habeas Corpus relief under 28 U.S.C. § 2254 challenging his 2016 murder and attempted murder convictions and resulting concurrent 30 and 20-year sentences.[1] *See* Docs. 1, 12-2, 12-3, 12-4, 12-5.[2] For the reasons discussed below, the Magistrate Judge RECOMMENDS that Cobb's petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

---

[1] The Court considers October 4, 2023, to be the filing date of this § 2254 Petition. Although the Clerk stamped the petition "filed" on October 13, 2023, Cobb signed this document on October 4, 2023, and a pro se inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993).

[2] References to documents filed in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

## I. BACKGROUND

### A. Cobb's State Court Conviction and Direct Appeal

On December 9, 2016, a Lee County jury found Cobb guilty of murder in violation of Ala. Code § 13A-6-2 and attempted murder in violation of Ala. Code § 13A-4-2. Docs. 12-1, 12-11. The trial court sentenced Cobb on February 27, 2017, on his convictions for murder and attempted murder. Doc. 12-5 at 1. Cobb appealed arguing that the trial court erred in denying a mistrial because the State (1) relied on perjured testimony and (2) withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). On appeal, the Alabama Court of Criminal Appeals affirmed Cobb's convictions on March 9, 2018. *Id.* at 3. The appellate court overruled Cobb's application for rehearing on April 6, 2018. *Id.* Cobb filed a petition for writ of certiorari with the Alabama Supreme Court on April 20, 2018, which that court denied on June 8, 2018. *Id.* at 3. The Court of Criminal Appeals issued a certificate of judgment the same day. *Id.*

### B. Cobb's § 2254 Petition

In Cobb's § 2254 petition, he claims that (1) trial counsel was ineffective for failing to suppress hearsay testimony, failing to thoroughly investigate the case, and failing to object when appropriate, (2) appellate counsel was ineffective, (3) the evidence was insufficient to sustain his convictions because the State failed to prove the elements of the charged offenses, and (4) the jury returned a guilty verdict based on hearsay evidence, unsworn affidavits, and the inclusion of circumstantial evidence. Doc. 1 at 5–10. Respondents argue that Cobb's § 2254 petition is time-barred by AEDPA's statute of

2

limitations.³ Doc. 12 at 4–5. The undersigned recommends that the petition be denied and that this case be dismissed with prejudice.⁴

## II. DISCUSSION

### A. AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

³ The Court granted Cobb an opportunity to show cause why his federal habeas petition should not be denied because it was not filed within the one-year limitation period prescribed by 28 U.S.C. § 2244(d), but he filed no response. *See* Doc. 14.

⁴ Respondents also argue that Cobb's claims are unexhausted and procedurally defaulted because they were not subjected to a complete round of appellate review in the Alabama courts. Doc. 12 at 5–7. Because the petition is time-barred, the Court foregoes any discussion of Cobb's procedural default.

or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Computation of Timeliness

#### 1. *Limitation Period Under § 2244(d)(1)(A)*

Usually, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by conclusion of direct review or expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *see Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). "A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired." *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see* Rule 13.1, Rules of the United States Supreme Court (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Cobb's 2016 convictions became final on September 7, 2018—ninety days after the Alabama Court of Criminal Appeals entered its certificate of judgment—as this is the date on which the time expired for Cobb to file a petition for writ of certiorari with the United States Supreme Court.[5] Thus, the one-year limitation period contained in section 2244(d)(1)(A) began to run on September 7, 2018. Absent some effective tolling event, whether statutory

---

[5] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Federal Rules of Civil Procedure.

4

or equitable, Cobb had until September 9, 2019, to file a timely habeas petition under § 2254.[6]

### 2. Statutory Tolling

Pursuant to § 2244(d)(2), the one-year limitation period is tolled during the pendency of a properly filed state court petition. *See* 28 U.S.C. § 2244(d)(2). Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section[,]" Respondents argue that there is no record that Cobb filed a state post-conviction petition challenging his convictions. *See* Doc. 12-1. Therefore, absent some effective tolling event, Cobb had until September 9, 2019, to file a timely habeas petition under § 2254. Cobb sets forth no facts or arguments to establish a tolling event or triggering date under 28 U.S.C. § 2244(d)(1)(B), (C), or (D); i.e., he does not show that an unlawful state action impeded him from filing a timely § 2254 petition, that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence. Thus, Cobb receives no tolling benefit under § 2244(d)(2) with respect to his § 2254 habeas petition.

---

[6] Since expiration of the limitation period fell on September 8, 2019, a Sunday, the one-year period of limitation expired the following Monday. *See* Rule 6(a)(1)(C), Federal Rules of Civil Procedure ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

As stated above, for Cobb, AEDPA's statute of limitations expired on September 9, 2019. Cobb filed the present § 2254 petition on October 4, 2023—making it untimely under the statute by over four years.

### 3. *Equitable Tolling*

Cobb argues that his habeas petition is not barred because he is entitled to equitable tolling of AEDPA's limitation period. Cobb pleaded as follows:

> Cobb asserts that the one-year statute of limitation as contained in 28 U.S.C. Section 2244(d) does not apply in his case because he can show that extrodinary circumstance exists and a manifest of injustice will occur if court fails to review the writ.

Doc. 1 at 13.

The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010). The diligence required is reasonable diligence, not "maximum feasible diligence," and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citations

omitted). The burden to establish that equitable tolling is warranted falls on the petitioner. *Hunter*, 587 F.3d at 1308.

Here, Cobb made a conclusory statement that 28 U.S.C. § 2244(d) does not apply to him because extraordinary circumstances exist, and a manifest of injustice will occur if the Court fails to review his petition. However, Cobb fails to articulate what these alleged extraordinary circumstances are that prevented his timely filing of a § 2254 petition or what injustice is at risk. Cobb also fails to assert that he pursued his rights diligently in an effort to file his petition. *See Holland*, 560 U.S. at 649. Because Cobb fails to demonstrate why he is entitled to equitable tolling, and the Court knows of no reason that would support equitable tolling in his case, his petition is subject to dismissal for untimeliness.

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Cobb's 28 U.S.C. § 2254 Petition for Habeas Corpus relief be DENIED as time-barred under 28 U.S.C. § 2244(d)(1)(A) and that this case be DISMISSED with prejudice.

It is further ORDERED that, by **July 11, 2024**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any

subsequent order based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 27th day of June, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE